IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ETOPIA EVANS <u>et al.</u>            *
                                     *
v.                                   *    Civil Action No. WMN-15-1457
                                     *
ARIZONA CARDINALS FOOTBALL           *
CLUB, LLC <u>et al.</u>              *
                                     *

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

**MEMORANDUM**

Before the Court is Defendants' motion to transfer this
action to the United States District Court for the Northern
District of California.  ECF No. 23.  Also pending is
Defendants' motion to dismiss this action on the grounds that
Plaintiffs' claims are preempted under Section 301 of the Labor
Management Relations Act, 29 U.S.C. § 185 (Section 301), or, in
the alternative, are barred under the applicable statute of
limitations.  ECF No. 24.  Both motions are ripe.  Upon review
of the parties' submissions and the applicable law, the Court
determines that no hearing is necessary, Local Rule 105.6, and
that the motion to transfer should be granted and the motion to
dismiss held for resolution by the United States District Court
for the Northern District of California.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs in this action are 12 former players in the
National Football League (NFL) and the estate of one other

former NFL player.  Named as Defendants are the 32 member clubs

of the NFL (Clubs).  As summarized by the Plaintiffs in their

Opposition to the Motion to Transfer, they bring this action

against the Clubs

> for conspiring to illegally dole out extraordinary
> quantities of medications to players without
> prescriptions, supervision, or informed consent and
> often through unlicensed individuals, all in violation
> of the Controlled Substances Act, the Food, Drug, &
> Cosmetic Act, and analogous state laws.  Defendants
> did so to keep players on the field and maximize their
> profit without any consideration of the lifelong costs
> that Plaintiffs and the putative class would bear.

ECF No. 27 at 2.  They bring this action as a putative class

action composed of all retired NFL players similarly harmed.

On or about May 20, 2014, the same counsel representing

Plaintiffs in this action brought a similar action on behalf of

the same proposed plaintiff class in the United States District

Court for the Northern District of California.  Dent v. Nat'l

Football League, No. C 14-02324 WHA (N.D. Cal.).  Dent was

brought, not against the Clubs, but against the NFL.  As

summarized by Judge William Alsup, the district judge to whom

that case was assigned:

> Here is the nub of it.  Since 1969, doctors and
> trainers from the individual clubs have allegedly
> supplied players with a consistent string of pain
> medications – including opioids, Toradol and other
> non-steroidal anti-inflammatory medications, local
> anesthetics, and combinations thereof – all in an
> effort to return players to the game, rather than
> allow them to rest and heal properly from serious,

> football-related injuries.  The medications "were
> often administered without a prescription and with
> little regard for a player's medical history or
> potentially-fatal interactions with other
> medications," and were distributed in ways that
> violated federal laws (both criminal and civil) as
> well as the American Medical Association's Code of
> Ethics.

Dent, 2014 WL 7205048, at *1 (N.D. Cal. Dec. 17, 2014).  As have

the Clubs in the instant case, the NFL filed a motion to dismiss

on the ground that the plaintiffs' claims were preempted under

Section 301.  The NFL also filed a separate motion to dismiss on

statute of limitations and other grounds.  After extensive

initial briefing, oral argument, followed by additional briefing

submitted at Judge Alsup's request, Judge Alsup dismissed the

case as preempted under Section 301 and denied the second motion

to dismiss as moot.  Id. at *12.

In the memorandum and order granting the motion to dismiss

on preemption grounds, Judge Alsup gave the plaintiffs until

December 30, 2014, to file a motion for leave to file an amended

complaint.  Id. at 13.  When they did not do so, Judge Alsup

entered final judgment on December 31, 2014.  The plaintiffs in

Dent filed a notice of appeal on January 27, 2015, and filed

their initial appellate brief on or about October 9, 2015, after

requesting and receiving lengthy extensions of time from the

Ninth Circuit Court of Appeals.  That appeal remains pending.

In the meantime, Plaintiffs filed this action on May 21, 2015.  When filing this suit, Plaintiffs, with appropriate candor, indicated that <u>Dent</u> was a "related case" to this case. Civil Cover Sheet, ECF No. 1-2.  In moving to transfer the case to the Northern District of California under 28 U.S.C. § 1404, the Clubs contend that the interest of justice would best be served by that transfer, noting that the case would then be assigned to Judge Alsup under that court's "Related Cases" rule, even though <u>Dent</u> has been dismissed and is currently on appeal.[1] The Clubs suggest that because Judge Alsup is already familiar with the facts and applicable law, transfer would best serve the interests of judicial economy and transfer would also avoid the possibility of inconsistent judgments.

## II. LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district

---

[1] The Northern District's Local Rule 3-12(a) provides that "[a]n action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Local Rule 3-12(b) provides that, "[w]henever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is <u>or was pending</u> in this District as defined in Civil L.R. 3-12(a), the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11." (emphasis added).

court may transfer any civil action to any other district or
division where it might have been brought." Thus, on a motion
to transfer, the Court must first determine whether the action
could have been brought in the transferee district. If it could
have been so brought, the Court then considers and balances the
following factors: (1) the weight accorded to the plaintiff's
choice of venue, (2) witness convenience and access, (3)
convenience of the parties, and (4) the interest of justice.
TECH USA, Inc. v. Evans, 592 F. Supp. 2d 852, 857 (D. Md. 2009).
"[T]he statute provides no guidance as to the weight given . . .
[to] . . . the factors[.]" Byerson v. Equifax Info. Servs.,
LLC, 467 F. Supp. 2d 627, 632 (E.D. Va. 2006); See 15 Wright,
Miller & Cooper, Federal Practice and Procedure § 3847 at 98
(2005) (noting that "the statute gives no hint about how these
broad categories are to be weighed against each other" and
collecting cases). Some courts consider convenience the most
important factor; others have stated that "[t]he interest of
justice may be decisive . . . even though the convenience of the
parties and witnesses point in a different direction." Byerson,
467 F. Supp. 2d at 635. The Court's decision "necessarily must
turn on the particular facts of the case," and it "must consider
all the relevant factors to determine whether . . . on balance
the litigation would more conveniently proceed and the interests

of justice be better served by transfer to a different forum."
Id. at 632.

**III. DISCUSSION**

### A. Case Could Have Been Brought in Transferee District

In that Plaintiffs' counsel has already brought a similar suit in the Northern District of California, Plaintiffs concede, as they must, that this case could have been brought in that district. ECF No. 27 at 3. There is no dispute that that court has personal jurisdiction over the Clubs in that that Clubs do business in that district; derive substantial revenue from their contacts with that district; and two of the Clubs - the Oakland Raiders and San Francisco 49ers - operate within that district. Thus, the requirements of federal due process would readily be satisfied in a suit in that district.

### B. The Weight Given Plaintiffs' Choice of Forum

In class actions, "'the named plaintiff's choice of forum is afforded little weight because in such a case, there will be numerous potential plaintiffs, each possibly able to make a showing that a particular forum is best suited for the adjudication of the class' claim.'" Byerson, 467 F. Supp. 2d at 633 (quoting Eichenholtz v. Brennan, 677 F. Supp. 198, 202 (S.D.N.Y. 1988), which cited, Koster v. Lumbermens Mut. Casualty Co., 330 U.S. 518, 524 (1947)). Here, the weight of Plaintiffs'

choice of forum is further lessened in that none of the Named Plaintiffs resides in Maryland.[2]

### C. Convenience of Witnesses and Parties

The factors of the convenience of witnesses and the convenience of the parties perhaps tip slightly towards Maryland.  Plaintiffs represent that only 5 of the 32 teams in the NFL are within 1000 miles of San Francisco, whereas 20 of the teams are within that distance of Baltimore.  See ECF No. 27-2 (chart showing distances between NFL stadiums). Presumably, team trainers and physicians who would be potential witnesses live near the city in which the team is located. Potential class members may also reside near the city in which they formerly played, although that is somewhat speculative. Thus, it would appear that the travel burden might be greater were the Court to transfer this case to Northern California. This Court notes, however, that this is a burden that Plaintiffs' counsel apparently found inconsequential to the potential class when filing Dent in that jurisdiction.

### D. Interest of Justice

As Judge Alsup's memorandum opinion in Dent clearly evinces, he is well familiar with the factual allegations and

---

[2] The deceased former NFL player, on behalf of whose estate one of the Plaintiffs is suing, was a resident of Maryland at the time of his death.  ECF No. 1 ¶ 14.  That particular Plaintiff, however, is a resident of Louisiana.  Id.

the potentially dispositive legal issues in this litigation.  In

reaching his preemption decision, he reviewed a lengthy,

detailed, and extensive history of negotiations between the

Clubs and the players union concerning the medical rights and

medical care of players, as set out in numerous collective

bargaining agreements (CBAs), which span decades.  Dent, 2014 WL

7205048 at *4-6.  He committed substantial judicial resources

analyzing the scope of Section 301 preemption, particularly in

the context of the NFL, its Clubs, and its players.  Id. at *8-

9.  This Court has previously found that a transferee judge's

"experience with the parties and his knowledge of the facts and

law . . . weighs very strongly in favor of transferring" and

would "promote judicial economy and avoid the possibility of

inconsisten[cy]."  D2L Ltd. v. Blackboard, Inc., 671 F. Supp. 2d

768, 784 (D. Md. 2009), see also U.S. Ship Mgmt., Inc. v. Maersk

Line, Ltd., 357 F. Supp. 2d 924, 938 (E.D. Va. 2005) (observing

that "where a party has previously litigated a case involving

similar issues and facts, 'a court in that district will likely

be familiar with the facts of the case.  As a matter of judicial

economy, such familiarity is highly desirable.'")(quoting LG

Elec., Inc. v. Advance Creative Comput. Corp., 131 F. Supp. 2d

804, 815 (E.D. Va. 2001)).

    In opposing transfer, Plaintiffs note that the named

plaintiffs in Dent were all different than Named Plaintiffs in

this case and that the allegations are not precisely the same in both cases.  As to the identification of the named plaintiffs, because both groups purport to represent essentially the same class, that becomes a distinction without a difference. Furthermore, as clearly demonstrated by the comparison of the crux of instant claims, as summarized by Plaintiffs themselves, with "the nub" of the Dent claims, as summarized by Judge Alsup, see supra, the gravamen of both suits is quite similar,[3] rendering transfer in the best interest of justice.  See Byerson, 467 F. Supp. 2d at 636 ("Transfer of this class action . . . would promote judicial economy and consistency of results. The class complaints are quite similar, involving . . . the same basic conduct by the same [] defendants.  To be sure, there are differences between this action and those pending [], but the similarities are more significant than are the differences.").

     Plaintiffs also suggest that transfer is inappropriate because Dent was filed against the NFL, where this case is filed against the Clubs.  This Court notes that Plaintiffs make no

---

[3] Plaintiffs' identification of this suit as a "related case" further belies any claim that the suits are so dissimilar that judicial economy would not be best served by transfer.  Under Local Rule 103(1)(b)(1), the designation of a case as "related" reflects the belief that the related cases "arise from the same or identical transactions, happenings, or events; involve the identical parties or property; . . . [and/]or . . .  would entail substantial duplication of labor if heard by different judges."

argument that Judge Alsup's preemption analysis would be substantially different as applied to the Clubs than as applied to the NFL.[4]  They simply argue that Judge Alsup got it wrong. See ECF No. 28, Opp'n to Mot. to Dismiss at 7 ("[Defendants' preemption] argument assumes that Dent got it right.  It did not . . . ."). Where, as here, "[t]he same counsel, seeking to represent a nearly identical class, filed an earlier lawsuit premised on the same allegedly unlawful activity in [another district] . . . and receiv[ed] unfavorable rulings from that Court," and then filed suit in another district, a court "can reasonably draw an inference from such conduct that Plaintiffs' counsel are engaged in forum shopping." Madani v. Shell Oil Co., Civ. No. C 07-04296 MJJ, 2008 WL 268986, at *3 (N.D. Cal. Jan. 30, 2008).  "[E]vidence of plaintiff's attempt to avoid a particular precedent from a particular judge weighs heavily in the context of [the interest of justice] prong and would often make the transfer of venue proper." Wireless Consumers All., Inc. v. T-Mobile USA, Inc., No. C 03-3711 MHP, 2003 WL 22387598, at *5 (N.D. Cal. Oct. 14, 2016).

---

[4] To the contrary, the plaintiffs' counsel's arguments in Dent at least implicitly concede that the preemption defense is actually more compelling for claims against the Clubs than for claims against the NFL.  See Dent, 2014 WL 7205048 at *7 (the plaintiffs argued that they were suing the NFL, and not the Clubs, and "thus interpretation of CBA provisions relating to the individual clubs are completely unnecessary . . . .").

## IV. CONCLUSION

For these reasons, the Court finds that the interest of justice factor favoring transfer outweighs any minor increase in the inconvenience to witnesses and parties that might be brought about by such a transfer.  Accordingly Defendants' Motion to Transfer will be granted and this case will be transferred to the United States District Court for the Northern District of California.  A separate order will issue.


_____/s/_____
William M. Nickerson
Senior United States District Judge


February 25, 2016